IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| United States of America, | ) | 6:24-cr-00552-JDA-1 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Steve Michael Worrell, | ) | |

This matter is before the Court on a motion for sentence reduction filed by Defendant Steve Michael Worrell ("Worrell") pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). [Doc. 71.] Worrell is now serving a 50-month sentence for possession of child pornography. [Doc. 59 ("Judgment").] Because the applicable Sentencing Commission policy statement, *see* U.S.S.G § 1B1.13, and the 18 U.S.C. § 3553(a) factors do not support a further reduction of Worrell's sentence, the Court denies his motion.

## BACKGROUND

On October 7, 2024, Worrell pled guilty to Count 4 of the Indictment charging possession of child pornography in violation of 18 U.S.C. § 2256(2) (the "instant conviction"). [Docs. 2, 43.] On January 28, 2025, Worrell was sentenced to 50 months' imprisonment to be followed by supervised release for Life. [Doc. 59.] On September 18, 2025, Worrell filed a motion for compassionate release. [Docs. 71.] Worrell argues that his chronic health conditions are extraordinary and compelling reasons justifying his release under § 3582(c)(1)(A)(i). [*Id.*]

## **LEGAL STANDARD**

The United States Court of Appeals for the Fourth Circuit has held that a court "may not modify a term of imprisonment once it has been imposed[.]"  18 U.S.C. § 3582(c); *see United States v. Chambers*, 956 F.3d 667, 671 (4th Cir. 2020); *United States v. Jackson*, 952 F.3d 492, 495 (4th Cir. 2020); *United States v. Martin*, 916 F.3d 389, 395 (4th Cir. 2019).  But "the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 564 U.S. 522, 526 (2011).  One such exception to this rule is when the modification is "expressly permitted by statute."  18 U.S.C. § 3582(c)(1)(B); *see Jackson*, 952 F.3d at 495.

Title 18, United States Code, Section 3582(c)(1)(A)(i), commonly known as the "compassionate release" provision, provides a statutory vehicle to modify a defendant's sentence.  *United States v. Wiggins*, No. ELH-13-512, 2020 WL 4436373, at *2 (D. Md. Aug 3, 2020).  Section 3582 was adopted as part of the Sentencing Reform Act of 1984. *Id*.  The statute originally permitted a court to alter a sentence only at the BOP's request. *See United States v. McCoy*, 981 F.3d 271, 274 (4th Cir. 2020).

In December 2018, Congress significantly modified the compassionate release mechanism when it enacted the First Step Act of 2018 ("FSA").  *See* Pub. L. 115-391, 132 Stat. 5194 (2018).  This Court has held that, as amended by the FSA, 18 U.S.C. § 3582(c)(1)(A) permits a court to reduce a sentence of imprisonment

> upon motion of the Director of BOP, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever occurs first.

*Wiggins*, 2020 WL 4436373, at *2 (cleaned up).  And so, once a defendant has exhausted his or her administrative remedies, the defendant may petition this Court directly for compassionate release.  *Id*.

Under Section 3582(c)(1)(A), the court may modify a defendant's sentence if, "after considering the factors set forth in 18 U.S.C. § 3553(a) to the extent that they are applicable," it finds that:

> (i) extraordinary and compelling reasons warrant such a reduction;
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission ....

*Wiggins*, 2020 WL 4436373, at *3.  And so, to be entitled to relief under Section 3582(c)(1)(A)(i), the defendant must show that: (1) "extraordinary and compelling reasons warrant a reduction of his sentence"; (2) "the factors set forth in 18 U.S.C. § 3553(a) countenance a reduction"; and (3) "the sentence modification is consistent with the policy statement issued by the Sentencing Commission in U.S.S.G. § 1B1.13."  *Id*. (internal quotation marks omitted).  The United States Sentencing Commission ("the Commission") is charged with defining "what should be considered extraordinary and compelling reasons for sentence reduction" under 18 U.S.C. § 3582(c)(1)(A).  28 U.S.C. § 994(t).

3

**DISCUSSION**

**Exhaustion of Remedies**

Before a court may consider a defendant's motion for compassionate release, the defendant must have completed the initial step of requesting that the BOP bring a motion on his behalf. The defendant may file a motion with the court: (1) after fully exhausting all administrative rights to appeal; or (2) after the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier. *See United States v. Muhammad*, 16 F.4th 126, 129 (4th Cir. 2021); 18 U.S.C. § 3582(c)(1)(A).

Worrell submitted a formal request for Reduction in Sentence (RIS) through appropriate BOP administrative channels and the Warden denied his request.[*] [Doc. 71 at 3.] Government does not challenge the exhaustion requirement. [Doc. 78 at 6.]

**Whether There is an Extraordinary and Compelling Reason for Reduction**

With respect to the November 1, 2023, amendments to the Sentencing Guidelines, the Commission included a policy statement addressing motions for sentence reduction under 18 U.S.C. § 3582(c)(1)(A) when a defendant alleges that "extraordinary and compelling" reasons warrant a reduction. *See United States Sentencing Guidelines Manual* Supp. App. C, amend. 814 (2023). The revised policy statement for U.S.S.G. § 1B1.13(b) provides that an "extraordinary and compelling" reason warranting compassionate release can exist under any of the following circumstances, each of which includes detailed requirements and caveats:

    (1) Medical Circumstances of the Defendant

---

[*] Worrell cites to attachments throughout his motion in support of his arguments, however, no attachments were provided with the motion.

4

> (2) Age of the Defendant
>
> (3) Family Circumstances of the Defendant
>
> (4) Victim of Abuse
>
> (5) Other reasons
>
> (6) Unusually Long Sentence

U.S.G.G. § 1B1.13(b).

Section 1B1.13(b)(1) of the recently revised Policy Statement identifies four circumstances under which a defendant's medical condition may provide an extraordinary and compelling reason for relief. *See* U.S.S.G. § 1B1.13(b)(1)(A)–(D). First, under § 1B1.13(b)(1)(A), "a terminal illness (i.e., a serious and advanced illness with an end-of-life trajectory)," such as "metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia," may provide an extraordinary and compelling reason for relief. Second, under § 1B1.13(b)(1)(B), an extraordinary or compelling reason may exist if the defendant is "suffering from a serious physical or medical condition," "suffering from a serious functional or cognitive impairment," or "experiencing deteriorating physical or mental health because of ... aging," and such condition or impairment "substantially diminishes" the defendant's ability to care for himself. Third, under § 1B1.13(b)(1)(C), an extraordinary or compelling reason may exist if "[t]he defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death."

Finally, under § 1B1.13(b)(1)(D), relief may be warranted if:

> (i)   the defendant is housed at a correctional facility affected or at imminent risk of being affected by (I) an

5

      ongoing outbreak of infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority;

  (ii)  due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease or the ongoing public health emergency described in clause (i); and

  (iii)  such risk cannot be adequately mitigated in a timely manner.

It is Worrell's burden to establish that his medical conditions create an extraordinary and compelling reason for compassionate release. *See United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021); *see, e.g., United States v. Tucker*, No. 3:09-502-JFA, 2021 WL 3886416, at *3 (D.S.C. Aug. 31, 2021). Upon review, the Court finds that Worrell has failed to carry his burden.

Worrell alleges he suffers from complex cardiovascular and vascular disease with a history of life-threatening thoracic aortic aneurysm and chronic dissection, compounded by major ophthalmologic disease, endocrine disorders, functional decline, and obesity—constitute "extraordinary and compelling reasons" taking him outside the "heartland" of typical cases and warrant sentence reduction. [Doc. 71 at 1–2.] Worrell claims his advanced age (age 71), and multiple cardiac, metabolic, and visual morbidities have substantially diminished his ability to care for himself in custody. [*Id.* at 5.] Additionally, Worrell contends that his CPAP compliance is jeopardized by practical barriers within the institution, and his overall self-care capacity is substantially diminished. [*Id.*] Worrell claims that the BOP has demonstrably failed to adequately manage his complex medical needs. [*Id.*] The Government argues that, while Worrell's physical and/or medical

6

conditions may be "serious," his ability to provide self-care is not "substantially diminished", and that there is no evidence in the record that Worrell cannot perform his activities of daily living. [Doc. 78 at 7.]

Several Courts have held that the conditions cited by Worrell, or conditions substantially similar to these, do not rise to the level of extraordinary and compelling reasons for immediate release. *See United States v. Crawford*, No. 3:14-240-JFA, 2022 WL 88518, at *3 (D.S.C. 2022) (citing *United States v. Moye*, 16 Crim. 250 (GBD), 2020 WL 6273905, at *2 (S.D.N.Y. Oct. 26, 2020) ("Defendant's compassionate release request essentially asks this Court to find that any individual who has diabetes, hypertension, and asthma and is held in federal prison is experiencing extraordinary and compelling circumstances warranting release. That conclusion is not warranted."); *United States v. Mitchell*, No. 5:10-CR-50067-001, 2020 WL 544703, at *2 (W.D. Ark. Feb. 3, 2020) (denying compassionate release request from defendant suffering from ordinary geriatric issues, including hypertension, gastroesophageal reflux disease, lower back pain, and benign prostatic hyperplasia, which did not prevent him from holding a job or providing self-care); and *United States v. Mills*, No. 4:14-CR-00250-03-JM, 2020 WL 4589935, at *1 (E.D. Ark. Aug. 10, 2020) ("[O]besity, hypertension, chronic kidney disease, and cardiac disease are not 'extraordinary and compelling' reasons warranting release.")).

The Court has reviewed Worrell's medical records provided by the Government from the Bureau of Prisons [Docs. 79–1 (sealed)] and finds no evidence of a condition that would rise to the level of an extraordinary and compelling reason for immediate release. Worrell does not assert, nor is there is any evidence to suggest, that he is

7

suffering from a terminal illness, *see id*. § 1B1.13(b)(1)(A), or that his ability to care for himself is "substantially diminishe[d]" by a "serious physical or medical condition," "serious functional or cognitive impairment," or his age, *id*. § 1B1.13(b)(1)(B).  And, there is no basis on which to conclude that Worrell "is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death."  *Id*. § 1B1.13(b)(1)(C).  Thus, the Court finds that Worrell has failed to meet his burden and, therefore, his motion is denied.

**Whether the Section 3553(a) Factors Weigh in Favor of Reduction**

Even if the Court found compelling reasons to reduce Worrell's sentence, the Section 3553(a) factors weigh against reduction due to Worrell's criminal history.

As an initial matter, the Court finds that the "nature and circumstances of the offense" weighs against reducing Worrell's sentence.  According to Worrell's Pre-Sentence Report ("PSR") [Doc. 44 (court only)], Worrell presented himself through a chatting app "Chatiw" to an individual he believed to be a 14-year-old girl named "Maria" indicating that he would travel to photograph her in swimsuits, lingerie, school outfits, and nudes.  [PSR ¶ 14.]  During the conversation Worrell discussed doing the photo shoots with "Maria" and her 13-year-old friend, "Maggie".  [*Id*. ¶ 14.]  Eventually, Worrell began discussing sexual topics with "Maria" and sent several files of child sexual abuse material (CSAM) to "Maria".  [PSR ¶ 15.]   Worrell also began texting "Maggie" in a group conversation.  [*Id*. ¶ 15.]  Fortunately, both "Maria" and "Maggie" were detectives with the Mount Pleasant Police Department.  [PSR ¶¶ 14, 15.]

"Maria" advised Worrell that she and "Maggie" would be in Greenville, and Worrell began planning a photo shoot with them. [PSR ¶ 23.] Worrell drove from Tennessee to Greenville, South Carolina, and was taken into custody by the Greenville County Sheriff's Office on November 3, 2022, when he arrived at what he believed to be "Maria's" house. [*Id*. ¶ 23.] Worrell was interviewed by law enforcement regarding his arrest from the undercover operation and admitted to "downloading/viewing approximately 50 images/videos of child pornography depicting children from the ages of 13 to 15 years of age" as well as "sen[ding] approximately 10 images of child pornography to minor females and approximately 20 to 30 images of child pornography to other adults." [PSR ¶ 26.] With respect to "Maria" and "Maggie", Worrell admitted that "if the girls had been real, he was prepared to take photos, using his iPhone, that were sexual in nature" and "also stated he was prepared to have sexual contact with the girls if they were willing. " [PSR ¶ 27.]

The Court finds that the nature and circumstances of the offense do not warrant a sentence reduction. The medical records do not indicate that Worrell's medical conditions commenced after his incarceration so, to the extent they existed prior to the instant conviction, he was capable of driving from Tennessee to South Carolina with the intent to engage in sexual activity with under aged girls with no concerns for his health conditions. Accordingly, the Court finds this factor weighs against a sentence reduction.

Similarly, the Court finds Worrell's history and characteristics weigh against a sentence reduction. While Worrell has a very minimal criminal history, he was found to be in possession of 50 images/videos of child pornography, with at least 2 of the 50 being videos that showed a naked prepubescent female, 10 to 12 years of age. [PSR ¶ 28.]

9

These images were possessed and distributed through chat-based apps and social media platforms. [*Id.* ¶ 28.]

Worrell has currently served almost 9 months of his fifty-month sentence. [Doc. 78–1 at 4.] Thus, the Court finds that the factor considering the promotion of respect for the law and just punishment weighs against reducing Worrell's sentence. *See United States v. Thompson*, 984 F.3d 431, 434 (5th Cir. 2021) (noting that compassionate release is generally granted only "for defendants who ha[ve] already served the lion's share of their sentences").

And although Worrell's participation in various rehabilitation efforts while incarcerated is commendable, rehabilitation alone is insufficient to qualify an inmate for compassionate release. *See United States v. Davis*, No. 21-6960, 2022 WL 127900, at *1 (4th Cir. Jan. 13, 2022). The Court notes that Worrell has yet to receive any sex offender programming which would be helpful considering the circumstances of his conviction. While Worrell's apparent efforts to better himself are important to his rehabilitation, the Court cannot overlook the severity of his crimes; Worrell's willingness to cross state lines to engage in sexual activity with two minor girls; and the time remaining on his sentence.

## **CONCLUSION**

For the reasons stated above, the Court finds Worrell has failed to show extraordinary and compelling reasons supporting a reduction in sentence. Based on the foregoing, and considering the relevant § 3553(a) factors, the Court finds that even if the threshold requirements of compassionate release were met—and the Court finds they were not—the Court would not grant Worrell's motion for compassionate release based

on the present record before the Court. Thus, it is hereby ORDERED that Worrell's motion for a reduction in his sentence [Doc. 71] is DENIED.

IT IS SO ORDERED.

s/ Jacquelyn D. Austin<br>United States District Judge

November 24, 2025
Greenville, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.